**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**IN RE FORECLOSURE CASES.**                    :

|  |  |  |
|---|---|---|
| : | **Case Nos.** | **07-cv-166** |
|  |  | **07-cv-190** |
| : |  | **07-cv-226** |
|  |  | **07-cv-279** |
| : |  | **07-cv-423** |
|  |  | **07-cv-534** |
| : |  | **07-cv-536** |
|  |  | **07-cv-642** |
| : |  | **07-cv-706** |
|  |  | **07-cv-727** |
| : |  | **07-cv-731** |
|  |  | **07-cv-963** |
| : |  | **07-cv-1047** |
|  |  | **07-cv-1119** |
| : |  | **07-cv-1150** |
|  |  |  |
| : | **Judge Holschuh** |  |

**MEMORANDUM OPINION & ORDER**

The above listed cases, filed in this Court by various Plaintiffs as holders of defaulted notes and mortgages, are real property mortgage foreclosure actions. These cases are currently before the Court on Plaintiffs' Memorandum of Law in response to this Court's Order to Show Cause dated November 27, 2007.  (R. at 24, 25.)[1]  For the following reasons, the above listed cases are **DISMISSED** without prejudice.

**I.      Background**

_____

[1] The Order to Show Cause was docketed at different numbers in each case, as was Plaintiffs' Memorandum of Law.  For convenience, all citations to the record are to the record in 07-cv-166.

Plaintiffs are various banks and lending institutions that have filed these foreclosure actions to recover on defaulted notes and mortgages that the Plaintiffs allegedly hold. While such foreclosure actions have not typically been brought in federal court, the attorney of record for each Plaintiff ("Counsel") has begun filing a large number of these foreclosure actions in both the Southern and Northern Districts of Ohio on the basis of diversity jurisdiction. In response to this increase in foreclosure filings, the Southern District issued General Order No. 07-03 (the "Order"), which establishes uniform procedures required for the processing of all foreclosure actions. Relevant to this Memorandum Opinion & Order, the Order states that a foreclosure complaint "must be accompanied" by, among other things, "[a] full recorded copy of . . . any applicable assignments," Gen. Order No. 07-03 ¶ 1.2.4, and "[a]n affidavit documenting that the named plaintiff is the owner and holder of the note and mortgage." Id. at ¶ 1.2.5.

Counsel, representing numerous different Plaintiffs, has filed many foreclosure actions in this Court, a number of which have been assigned to the undersigned judge. In all of these foreclosure actions, the recorded copy of the applicable assignment 1) indicated that the assignment of mortgage was executed after the complaint was filed; 2) does not indicate when, if ever, the note was assigned; and 3) was filed with the Court after the complaint was filed. Additionally, with one exception, the affidavit required by ¶ 1.2.5 of the Order was filed after the complaint was filed. The affidavits filed with the Court state that "Plaintiff is the owner and holder of the promissory note and mortgage referenced in the Complaint and has standing to enforce its rights under the note and mortgage." (Memorandum of Law p. 16, R. at 25.)

After a review of the record in these cases revealed issues related to Plaintiffs' standing and compliance with a court order, on November 27, 2007 this Court issued an Order to Show Cause

directing Plaintiffs to show cause why these cases[2] should not be dismissed.  (R. at 24.)  The Order

to Show Cause identified two separate grounds that could justify dismissal; 1) lack of standing; or

2) failure to comply with the Order.  Plaintiffs have filed a Memorandum of Law in response to the

Order to Show Cause (R. at 25), and these issues are now ripe for adjudication.

## II.    Standing

Standing "is a qualifying hurdle that [a plaintiff] must satisfy," Community First Bank v.

National Credit Union Admin., 41 F.3d 1050, 1053 (6th Cir. 1994), and "is to be assessed under the

facts existing when the complaint is filed."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 570 n.

4 (1992).  A party seeking to bring a case into federal court "bears the burden of demonstrating

standing and must plead its components with specificity."  Coyne v. American Tobacco Company,

183 F.3d 488, 494 (6th Cir. 1999); Valley Forge Christian College v. Americans United for

Separation of Church and State, Inc., 454 U.S. 464 (1982).  Standing is commonly divided into two

different sets of requirements - constitutional and prudential.

The minimum constitutional requirements for standing, derived from Article III, are 1) proof

of injury in fact; 2) causation; and 3) redressability.  Valley Forge, 454 U.S. at 472.  To satisfy the

requirements of Article III, a plaintiff must show that he has personally suffered some actual injury

as a result of the defendant's illegal conduct that most likely would be redressed by a favorable

ruling from a court.  Id.; Coyne, 183 F.3d at 494.  To satisfy the prudential standing requirements;

1) a plaintiff must assert their own legal rights and interests, not those of a third party; 2) a plaintiff's

_____

[2] This Court's Order to Show Cause included cases not covered by this Memorandum
Opinion & Order.  Nos. 07-cv-670, 07-cv-714, and 07-cv-1091 have all been voluntarily
dismissed and are no longer on this Court's docket.  Additionally, the debtors in 07-cv-999 have
filed for bankruptcy, resulting in an automatic stay of that case.  Thus, these cases are not
covered by this Memorandum Opinion & Order.

claim must be more than a generalized grievance that is widely shared by others; and 3) when the right to sue is granted by statute, a plaintiff's claim must fall within the "zone of interests" regulated by the statute in question. <u>Coyne</u>, 183 F.3d at 494.  Standing issues may be raised *sua sponte* by a court, <u>see</u>, <u>e.g.</u>, <u>Juidice v. Vail</u>, 430 U.S. 327 (1977); <u>Community First Bank</u>, 41 F.3d at 1053, because the "core component" of the constitutional standing inquiry is rooted in Article III's Case or Controversy requirement and concerns a court's subject matter jurisdiction. <u>Lujan</u>, 504 U.S. at 560.

In their Memorandum of Law, Plaintiffs point out that standing may exist as a matter of law when issues of statutory standing and the merits of a plaintiff's cause of action merge.  (p. 12, R. at 25.)  <u>See</u> <u>Bell v. Hood</u>, 327 U.S. 678, 681-82 (1946).  "When the basis of federal jurisdiction is intertwined with the plaintiff's federal cause of action, the court should assume jurisdiction over the case and decide the case on the merits . . . 'The question[s] of [standing] and the merits will normally be considered intertwined where the [same] statute provides both the basis of federal court subject matter jurisdiction and the cause of action.'" <u>Moore v. LaFayette Life Ins. Co.</u>, 458 F.3d 416, 444 (6th Cir. 2006) (<u>quoting</u> <u>Clark v. Tarrant County, Texas</u>, 798 F.2d 736, 742 (5th Cir. 1986)).  While the Court agrees with that general proposition, it is inapplicable to Plaintiffs' cases.

Plaintiffs argue that, in the present cases, standing exists as a matter of law because the question of whether Plaintiffs held the notes in question relates to both standing and the merits, and the two issues merge.  Plaintiffs rely on two cases for this argument.  However, both of those cases, <u>Gentek Building Products, Inc. v. Steel Peel Litigation Trust, Inc.</u>, 491 F.3d 320 (6th Cir. 2007) and <u>Moore</u>, 458 F.3d at 416, were brought on the basis of federal question jurisdiction and concerned questions of prudential statutory standing under the Magnusson-Moss Act and ERISA, respectively.

Plaintiffs concede that there are two differences between these foreclosure cases and <u>Gentek</u> and <u>Moore</u>.  First, the Court's Order to Show Cause raised an issue of constitutional standing - whether Plaintiffs were the ones who actually suffered the injury in fact.  (Memorandum of Law p. 12, R. at 25.)  Second, these cases were filed on the basis of diversity jurisdiction, not federal question jurisdiction.  (<u>Id.</u> at p. 14.)

As the Sixth Circuit recognized in <u>Moore</u>, standing and the merits most frequently merge only when the same federal statute creates both a cause of action and federal question jurisdiction.  That is not the case here.  Plaintiffs' cause of action is created by state law, not a federal statute, and jurisdiction is based on diversity, not a federal question.  Plaintiffs argue that

> there is no reason why the principle applied in [<u>Gentek</u> and <u>Moore</u>] should not also apply to a case filed on the basis of diversity jurisdiction.  In fact, where the citizenship of the parties and the amount in controversy are not at issue, an even stronger argument can be made that a federal district court has jurisdiction to decide the case on the merits.  Every case that invokes the Court's diversity jurisdiction, regardless of the type, presents the question whether the plaintiff is asserting its own legal rights or is the one who suffered an injury.  These questions are resolved on the merits.  Thus, if the requirements of 28 U.S.C. § 1332 are satisfied, there should be little question that the Court has jurisdiction to resolve the case on the merits.

(<u>Id.</u>)  To say the least, this statement is overbroad.  Plaintiffs are correct that every case presented to this Court involves the preliminary question of whether the plaintiff is the one who suffered an injury.  This is why standing is considered a "qualifying hurdle."  <u>Community First Bank</u>, 41 F.3d at 1053.  This question, however, is separate from the question of whether diversity jurisdiction exists.  The § 1332 requirements (diversity of citizenship and an amount in controversy exceeding $75,000) say absolutely nothing about the Article III standing requirements of injury in fact, causation, and redressability.  The doctrine of standing would become a nullity in diversity cases if simply satisfying the requirements of § 1332 sufficed to establish standing.  Furthermore, the

constitutional standing question of whether Plaintiffs actually suffered an injury in fact at the time

these respective cases were filed is distinct from the element of Plaintiffs' claims requiring them to

hold the note in order to enforce it.

Having determined that the question of standing cannot be resolved as a matter of law

because it does not merge with the Plaintiffs' cause of action, the Court moves on to determine if,

in fact, the Plaintiffs have standing.  The Court evaluates the question of standing by reference to

the "facts existing when the complaint is filed."  Lujan, 504 U.S. at 570 n. 4.  The Court is not

required, however, to accept Plaintiffs' factual allegations as true.

Attacks on a court's subject matter jurisdiction, including standing,

> generally come in two varieties: a facial attack or a factual attack.  A facial
> attack on the subject-matter jurisdiction alleged in the complaint questions
> merely the sufficiency of the pleading.  When reviewing a facial attack, a
> district court takes the allegations in the complaint as true, which is a similar
> safeguard employed under 12(b)(6) motions to dismiss.  If those allegations
> establish federal claims, jurisdiction exists.
>
> Where, on the other hand, there is a factual attack on the subject-matter
> jurisdiction alleged in the complaint, no presumptive truthfulness applies to
> the allegations.  When a factual attack . . . raises a factual controversy, the
> district court must weigh the conflicting evidence to arrive at the factual
> predicate that subject-matter jurisdiction does or does not exist.

Gentek, 491 F.3d at 330 (internal citations omitted).  This Court's Order to Show Cause made a

factual attack on Plaintiffs' standing, not a facial one.  The Court noted that Plaintiffs had introduced

evidence of formal assignments of mortgages executed after the respective complaints were filed,

and that Plaintiffs had not submitted any evidence indicating that the notes and/or mortgages were

assigned, legally or equitably, before the respective complaints were filed.  The Court concluded by

noting that this evidence, or lack thereof, "indicate[d] to the Court that Plaintiffs may not have been

the holders of the respective notes and mortgages under valid assignments at the time the respective

6

[c]omplaints were filed." (Order to Show Cause p. 6-7, November 27, 2007, R. at 24.)  This is clearly a factual attack questioning whether Plaintiffs actually held the notes and mortgages in question, not whether Plaintiffs adequately pled that fact.  Thus, the Court is not required to credit Plaintiff's factual allegations, but instead must weigh the evidence for itself to determine if Plaintiffs, in fact, have standing to bring these foreclosure cases.  See Gentek, 491 F.3d at 330.

Plaintiffs offer three main arguments supporting the conclusion that they in fact held the note and mortgage at the time the respective complaints were filed and thus have standing.  First, Plaintiffs lean most heavily on the affidavit filed in each foreclosure case.  This affidavit states that "Plaintiff is the owner and holder of the promissory note and mortgage referenced in the Complaint and has standing to enforce its rights under the note and mortgage." (Memorandum of Law p. 16, R. at 25.)  Second, Plaintiffs argue that the mortgage assignments filed in these cases, while executed after the respective complaints were filed and containing present tense language, support the conclusion that Plaintiffs held the note prior to the filing of the respective complaints.  Plaintiffs argue that the mortgage assignment only conveys the legal interest in the note, not the equitable interest, and that this equitable interest was assigned prior to the assignment of the mortgage.  (Id. at p. 17-19.)  Third, Plaintiffs note that they have filed copies of the promissory notes and up-to-date pay histories, which are not public records.  Plaintiffs assert that "[t]he fact that Plaintiffs were able to produce a copy of the note and an up-to-date pay history supports a finding that Plaintiffs hold the note and mortgage." (Id. at p. 18.)

The Court is not convinced by these arguments.  The affidavit language that Plaintiffs point to is unclear as to *when* Plaintiffs became the holder of the note and mortgage.  Despite Plaintiffs' reliance on their "sworn testimony," this does not indicate that Plaintiffs held the notes and

mortgages at the time the respective complaints were filed, especially in light of the fact that the recorded assignments of mortgage all indicate that the mortgages were assigned after the respective complaints were filed. Turning to the mortgage assignments, the Court agrees that the mortgage assignment only conveys a legal interest, and that an equitable interest may have been transferred at another time. Plaintiffs, however, simply have not offered any evidence that an interest in the respective note was assigned prior to the filing of the respective complaint. The only evidence the Court does have relating to when the notes and mortgages were actually assigned are the assignments of mortgage, which uniformly indicate that the mortgages were assigned after the respective complaints were filed. Finally, the fact that the Plaintiffs were able to introduce copies of the promissory notes and pay histories is undercut by the fact that those promissory notes indicate that another entity held the note, and that the payments were not made to Plaintiffs.

Weighing the evidence presented, the Court finds that Plaintiffs have not established that they in fact owned the notes and mortgages in question at the time these respective complaints were filed. Because Plaintiffs apparently did not own the notes and mortgages at the time the complaints were filed, Plaintiffs suffered no injury in fact from the debtors' default. Plaintiffs thus do not have standing to bring these actions, and these cases should be dismissed for lack of standing.

**III.     Noncomplaince with the Order**

A validly enacted local rule or general order has the force of law, Weil v. Neary, 278 U.S. 160, 169 (1929), and Rule 83(a)(1) specifically authorizes district courts to "make and amend rules governing its practice." FED. R. CIV. P. 83(a)(1). The Order's command that a foreclosure complaint "must" be accompanied by documents such as an affidavit and recorded assignment of mortgage would clearly appear to authorize a district court to dismiss, with or without prejudice, any

complaint that failed to include these documents.

However, Rule 83(a)(2) restrains a district court's enforcement of its rules and orders.  That section provides that "[a] local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights becaue of a nonwillful failure to comply with the requirement."  FED. R. CIV. P. 83(a)(2).  The Advisory Committee Note makes clear that this limitation "is narrowly drawn - covering only violations attributable to nonwillful failure to comply and only those involving local rules directed to matters of form."  FED. R. CIV. P. 83(a)(2) Advisory Committee Note to 1995 Amendments.  Willful failures to comply do not fall within Rule 83(a)(2)'s prohibition.

Local rules and orders also cannot conflict with the Federal Rules of Civil Procedure.  Tiedel v. Northwestern Michigan College, 865 F.2d 88, 91 (6th Cir. 1988).  Interpreting General Order No. 07-03's command that the complaint "must" include certain materials as authorizing a district court to dismiss the complaint with or without prejudice for failure to do so cannot conflict with Rule 41(b), governing involuntary dismissal of suits.

Rule 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action."  FED. R. CIV. P. 41(b).  Despite its seemingly clear language, the Sixth Circuit "has recognized that Rule 41(b) provides courts the authority . . . to dismiss [sua sponte] a claim for 'failure of the plaintiff to prosecute or comply with these rules, or any order of the court.'"  Sexton v. Uniroyal Chemical Co. Inc., 62 F. App'x 615, 618 (6th Cir. 2003) (unpublished) (quoting Harmon v. CSX Transp. Co., 110 F.3d 364, 366-67 (6th Cir. 1997).

While district courts have discretion to dismiss cases under Rule 41(b), the Sixth Circuit has

identified four factors for courts to analyze when deciding whether to dismiss a complaint under Rule 41(b). Courts should consider "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the . . . party's conduct; (3) whether the . . . party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." Mulbah v. Detroit Bd. of Ed., 261 F.3d 586, 589 (6th Cir. 2001). When dismissing with prejudice, the Sixth Circuit generally urges restraint and frowns upon dismissing cases under Rule 41(b) for failure to comply with court orders. Dismissal without prejudice, however, is a more lenient sanction, and the controlling standards are relaxed. Muncy v. G.C.R., Inc., 110 F. App'x 552, 555-56 (6th Cir. 2004). Thus, dismissing a complaint with prejudice for failure to comply with the Order would most likely violate Rule 41(b) as well as Rule 83(a)(2) because of the loss of Plaintiffs' rights. Dismissal without prejudice, however, would be within this Court's power under Rule 41(b).

Counsel states that he believed in good faith that his actions complied with the Order. Counsel represents that he has brought "hundreds" of these foreclosure cases, and that "[u]ntil recently, no judge . . . had questioned" his practice of bringing such cases without filing the required documents, such as an affidavit, with the complaint. (Memorandum of Law p. 21, R. at 25.) Counsel also argues that the Order's requirements are susceptible to more than one interpretation.

Paragraph 1.2 of the Order states that "[t]he complaint must be accompanied by" such documents as an affidavit and a recorded copy of applicable assignments. Counsel argues that the phrase "accompanied by" usually means "with." "With," in Counsel's view, can mean either a contemporaneous filing, or "filed within a reasonable period of time." (Memorandum of Law p. 22, R. at 25.) Counsel argues that he reasonably believed that the Order's phrase "accompanied by"

meant that the accompanying documents could be filed within a reasonable period of time after the complaint was filed, and that this reasonable belief excuses his noncompliance with the Order.

The Court does not agree with Counsel's arguments.  As an initial matter, the fact that other judges have not questioned Counsel's practice, or have only recently begun questioning it, is immaterial to the fact that this Court is questioning his practice in filing these cases.  Counsel's "that's the way I've always done it" argument is not persuasive.  Furthermore, the Court does not believe that the phrase "accompanied by" can bear the interpretation Counsel puts on it.  The plain meaning of "accompanied by" or "with" is "contemporaneously with" or "at the same time."  When a doctor tells a patient to "come with your insurance card" or "accompanied by your insurance card," the doctor is telling the patient to bring their insurance card to doctor's office at the same time as the patient's visit, not three days later.  Counsel's strained and unusual interpretation of the phrase "accompanied by" does not excuse noncompliance.

The Court finds that Counsel's failure to comply with the Order's requirements was willful.  As noted in the Order to Show Cause, Counsel is responsible for filing all the foreclosure cases currently on this Court's docket, and all such cases, in some way, violate the Order.  This is strong evidence of a willful disregard of the Order, of which Counsel had notice.  The affidavits and assignments of mortgage in question were typically filed shortly after the respective complaints were filed, and there is no good explanation as to why Counsel simply could not have waited to file the complaint until all the required documents were available.  These cases, therefore, should be dismissed for failure to comply with the Court's Order.

## IV.    Conclusion

For these reasons, the Court **DISMISSES** these foreclosure cases without prejudice.

Plaintiffs and Counsel are hereby advised that, if these cases are refiled, Plaintiffs must establish their standing, and Counsel must comply with the Order's requirements.  Failure to do so a second time may result in a dismissal with prejudice.

**IT IS SO ORDERED.**


Date: December 27, 2007                          **/s/ John D. Holschuh**
                                                 John D. Holschuh, Judge
                                                 United States District Court